UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | |
|---|---|
| CHARLES RAY JOHNSON, | 4:24-CV-04205-CBK |
| Plaintiff, | ORDER |
| vs. | |
| PRAIRE (sic) PAYEE SERVICES INC., MONEY MATTERS PAYEE SERVICES INC., and ELITE PAYEE SERVICES INC., | |
| Defendants. | |

Plaintiff filed a *pro se* complaint and a motion for leave to proceed *in forma pauperis*. Plaintiff has made the requisite showing under 28 U.S.C. § 1915.

The Prison Litigation Reform Act requires the Court to conduct a preservice review pursuant to 28 U.S.C. § 1915(e)(2)(B) prior to ordering service of the complaint. Carter v. Schafer, 273 F. App'x 581, 582 (8th Cir. 2008) (unpublished) ("the provisions of 28 U.S.C. § 1915(e) apply to all persons proceeding IFP and are not limited to prisoner suits, and the provisions allow dismissal without service"). The Court is required to dismiss a case filed without the prepayment of fees if it determines that the action (1) is frivolous or malicious, (ii) fails to state a claim on which relief may be granted, or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). I am required to give the plaintiff's pro se complaint liberal construction and identify any discernable cognizable claim. Solomon v. Petray, 795 F.3d 777, 787 (8th Cir. 2015). I have conducted an initial review as required by § 1915A.

"Federal courts are courts of limited jurisdiction, possessing only that power authorized by Constitution and statute." Gunn v. Minton, 568 U.S. 251, 256, 133 S. Ct. 1059, 1064, 185 L. Ed. 2d 72 (2013) (internal quotations omitted) (*quoting* Kokkonen v. Guardian Life Ins. Co. of America, 511 U.S. 375, 377, 114 S.Ct. 1673, 128 L.Ed.2d 391 (1994)). "The threshold inquiry in every federal case is whether the court has

jurisdiction" and the Eighth Circuit has "admonished district judges to be attentive to a satisfaction of jurisdictional requirements in all cases." Rock Island Millwork Co. v. Hedges-Gough Lumber Co., 337 F.2d 24, 26-27 (8th Cir. 1964), and Sanders v. Clemco Industries, 823 F.2d 214, 216 (8th Cir. 1987). As a threshold matter, the district court must determine whether federal subject matter jurisdiction exists and this Court may raise such issue *sua sponte*. Auto-Owners Inc. Co. v. Tribal Court of Spirit Lake Indian Reservation, 495 F.3d 1017, 1020 (8th Cir. 2007).

This Court presumes that a cause of action lies outside the district court's limited jurisdiction and plaintiff bears the burden of establishing that jurisdiction does exist. Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377, 114 S. Ct. 1673, 1675, 128 L. Ed. 2d 391 (1994). Even *pro se* plaintiffs must comply with procedural rules and sufficiently allege a basis for federal jurisdiction. McNeil v. United States, 508 U.S. 106, 113, 113 S. Ct. 1980, 1984, 124 L. Ed. 2d 21 (1993).

Plaintiff contends in his statement of the grounds for jurisdiction that he is alleging conspiracy to commit deprivation of rights, discrimination, intentional infliction of emotional distress, reckless infliction of emotional distress, 14th Amendment violation, deprivation of goods and services, and breach of contract. He set forth in his statement of claim that defendants breached a contractual duty to plaintiff. He filed a supplement setting forth his claim that defendant Prairie Payee Services, his Social Security Disability payee, breached a contract in failing and refusing to pay on an agreement he had entered into with Rent-A-Center. He specifically stated that defendants Money Matters Payee Services Inc. and Elite Payee Services Inc. were no longer appointed payees and he has identified no facts to support any claims against those defendants.

Plaintiff has failed to state any facts supporting any federal claim against any defendant. He has further set forth no facts to support diversity jurisdiction.

Plaintiff has failed to plead a basis for federal jurisdiction. This case is subject to dismissal pursuant to 28 U.S.C. § 1915(e)(2)(B).

2

Now, therefore,

IT IS ORDERED:

1. The motion, Doc. 4, to proceed *in forma pauperis* is granted.

2. This matter is dismissed for lack of jurisdiction.

DATED this 24th of January, 2025.

BY THE COURT:

CHARLES B. KORNMANN
United States District Judge